CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 06, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Christy St. Clair, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 7:24-cv-00738 |
| Cynthia Vires *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM OPINION AND DISMISSAL ORDER**

Plaintiff Christy St. Clair, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. St. Clair complains about conditions at the jail where she is housed, including her medical care and lockdown conditions.

St. Clair submitted the financial documentation and the consent to collection of fees form required to support her application to proceed *in forma pauperis*. The court has reviewed this information and **GRANTS** St. Clair *in forma pauperis* status.

I.     **Legal Standards for the Court's Initial Review of Complaint**

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." When the complaint of an incarcerated individual or individual proceeding *in forma pauperis* fails to state a claim upon which relief could be granted or is frivolous, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).

## II. Analysis of St. Clair's Failure to Exhaust Administrative Remedies

This case is one of the "rare case[s]" in which an early dismissal of this action is warranted based upon St. Clair's admitted failure on the face of her complaint to exhaust available administrative remedies prior to filing suit. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "PLRA's exhaustion requirement is mandatory." *Anderson*, 407 F.3d at 677 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Exhaustion is required even if the administrative remedies do not meet federal standards, are not "plain, speedy, and effective," and even if the relief sought, such as monetary damages, is not available through the grievance process. *Porter*, 534 U.S. at 524.

The PLRA also requires that an inmate must exhaust available administrative remedies "*before* bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635 (2016) (emphasis added). The requirement that a prisoner exhaust before filing in court allows defendants to address complaints before being sued, reduces litigation if grievances are satisfactorily resolved, and improves subsequent litigation by leading to the preparation of a useful record. *See Porter*, 534 U.S. at 524–25.

Here, St. Clair's complaint indicated that she did not file any grievances related to the matters raised in the complaint. (Compl., Dkt. 1 at 2.) She noted that she did not do so because it "Doesnt [sic.] do any good." (*Id.*) Claimed futility is not, however, an exception to

the exhaustion requirement. *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Rather, an inmate must exhaust all administrative remedies that are available. Failure to exhaust is an affirmative defense that would be raised by the defendants in a responsive pleading, so the court's authorization to dismiss complaints prior to the defendants asserting the defense is circumscribed. However, "[a] court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust [her] administrative remedies." *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). An early dismissal without prejudice in cases where the lack of exhaustion is apparent on the face of the complaint would afford plaintiffs an opportunity to exhaust the administrative remedies that are available to them the best chance to preserve their claims. Because St. Clair admits in her complaint that she failed to exhaust her administrative remedies, the court believes this is one of the rare cases in which an early dismissal is appropriate.

### III.   Conclusion

St. Clair's complaint fails to state any viable claim upon which relief can be granted because the court cannot grant relief as to an unexhausted claim. Accordingly, the court orders that this action is hereby **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a). A dismissal without prejudice means that St. Clair may re-file her claims at any point. The Clerk is directed to mail a copy of this Memorandum Opinion and Dismissal Order to St. Clair.

**ENTERED** this 6th day of November 2024.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE